UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BELL NORTHERN RESEARCH, LLC,<br><br>Plaintiff,<br><br>v.<br><br>HUAWEI DEVICE (DONGGUAN) CO., LTD.;<br>HUAWEI DEVICE (SHENZHEN) CO., LTD.;<br>and HUAWEI DEVICE USA, INC.,<br><br>Defendants. | Case No.:  18cv1784-CAB(BLM)<br><br>**ORDER DENYING PLAINTIFF'S<br>MOTION TO COMPEL DEFENDANTS'<br>RESPONSE TO COMMON<br>INTERROGATORY NO. 10**<br><br>**[ECF Nos. 81, 85, 91]** |

On June 6, 2019, in compliance with chambers rules, counsel for Plaintiff ("BNR") and Defendants (collectively "Huawei") contacted chambers regarding several discovery disputes. One dispute centered on Interrogatory No. 10, propounded by BNR on Huawei, which asked Huawei to identify all of its products containing one or more HD Voice Codecs.  Counsel for the parties set forth their respective positions and agreed to engage in further meet and confer efforts in an attempt to resolve the dispute informally.  On June 24, 2019, counsel for both BNR and Huawei called chambers again and informed the Court that they were unable to resolve the dispute.  On June 25, 2019, the Court set a briefing schedule for BNR's motion to compel.[1]  In

---

[1] The briefing schedule also governed Huawei's motion to compel, which concerns several additional discovery disputes and will be addressed in a separate decision.  See ECF No. 77.

compliance with the briefing schedule, on July 8, 2019, BNR filed its motion to compel, on July 15, 2019, Huawei filed its opposition, and on July 22, 2019, BNR filed its reply.  See ECF Nos. 81, 85, 91.  For the reasons set forth below, BNR's motion to compel Huawei's response to Interrogatory No. 10 is **DENIED**.

## **RELEVANT BACKGROUND**

On November 11, 2018, BNR propounded Common Interrogatories, Set One on Huawei and on December 7, 2018, Huawei replied with responses and objections.  ECF No. 85 ("Oppo.") at 5, Ex. 1; ECF No. 81-1 ("MTC") at 8 n.1, Ex. H.  BNR's Interrogatory No. 10 requested that Huawei "[i]dentify all products made, sold, offered for sale, of imported into the United States since August 1, 2012 to the present that include one or more HD Voice Codecs."  Oppo. at Ex. 1; MTC at Ex. H.  Huawei objected to Interrogatory No. 10, stating it was: (1) overbroad and "not proportional to the needs of the case;" (2) seeking premature "expert analysis or opinion;" (3) "not relevant to any claims or defenses in this case . . . ;" and (4) "not limited to products sold in the United States."  MTC at Ex. H; Oppo. at Ex. 2.  Huawei objected to Interrogatory No. 10's relevancy "because any compliance with a standard does not constitute or imply infringement" and "none of the asserted patents relate to HD Voice Codecs."  Id.

On January 2, 2019, BNR wrote to Huawei "requesting a meet and confer . . . and explaining that Interrogatory No. 10 'is relevant to at least the asserted U.S. Patent No. 6,941,156 [the '156 Patent].'"[2]  MTC at 9, Ex. I (email correspondence mentioning the January 2, 2019 letter).  A meet and confer call took place on January 10, 2019, and counsel for BNR wrote a follow-up letter to counsel for Huawei on January 14, 2019 summarizing BNR's interpretation of the call.  See Oppo. at Ex. 3; see also Declaration of Sadaf R. Abdullah, ECF

---

[2]  The Court notes that District Judge Cathy A. Bencivengo granted summary judgment in favor of Huawei concerning Claim 1 of the '156 Patent.  See ECF No. 94 at 11, 13, 20.  Judge Bencivengo also noted that Claim 1 was the only asserted claim related to the '156 Patent but pursuant to local patent rules, BNR "may elect to assert an alternative claim" meaning that the Patent is "not necessarily dismissed from litigation."  ECF No. 95 at 2 n.1.  Accordingly, although the '156 Patent is not currently at issue in this litigation, because it could be revived through an alternative claim, the Court will address the instant discovery dispute.

No. 81-2 ("Abdullah Decl.") at 3; Declaration of Joanna M. Fuller, ECF No. 85-1 ("Fuller Decl.") at 2.   On January 23, 2019, counsel for Huawei wrote a letter summarizing Huawei's interpretation of the call.  Oppo. at Ex. 4; MTC at Ex. J.  The January 2019 summaries set forth BNR's position that Interrogatory No. 10 "is relevant to at least the '156 Patent" and Huawei's opposing position that it is not relevant.  See id.

The next correspondence cited in the briefing occurred on March 7, 2019, when counsel for BNR emailed counsel for Huawei requesting that Huawei remove the "Highly Confidential" designation from its interrogatory responses; BNR also informed Huawei that it "shortly plan[ned] on filing motions in which [it] would be referring to" Huawei's interrogatory responses. MTC at Ex. I.  Counsel for Huawei responded on March 8, 2019 and agreed to remove the "Highly Confidential" designation from various interrogatory responses.  See id.

The next correspondence cited in the briefing occurred on May 6, 2019, wherein counsel for BNR wrote to counsel for Huawei stating that Huawei's March 8, 2019 interrogatory supplementation "still [did] not me[e]t its discovery obligations."  Oppo. at Ex. 5; see also Fuller Decl. at 2 (stating that Huawei served its first supplemental response to certain interrogatories). In the May 6, 2019 correspondence, BNR's counsel stated that "Huawei has refused to provide a response to" Interrogatory No. 10 and asked when counsel was available to meet and confer by phone in compliance with Judge Major's Chambers Rules.  Id.  Counsel for Huawei responded on May 8, 2019 stating (among other things) that BNR failed to provide "a substantive basis for [Interrogatory No. 10]" and providing a date in which counsel was available to meet and confer. MTC at Ex. M.  The parties met and conferred again on May 10, 2019.  MTC at 10; Abdullah Decl. at 3.

Between May 17 and May 28, 2019, the parties exchanged follow-up emails discussing other disputes, which concerned "financial information" and "source code," but did not address Interrogatory No. 10.  MTC at Ex. M.  Counsel for BNR wrote a follow-up email to counsel for Huawei on May 31, 2019, addressing Interrogatory No. 10 (among others), noting Judge Major's Chambers Rules and asking when counsel would be available to contact chambers.  Id.  The parties called chambers on June 6, 2019 to discuss the dispute and agreed to engage in

1   subsequent meet and confer efforts but called again on June 24, 2019 when those efforts failed.

2

## DISCUSSION

3       In its briefing, BNR makes several arguments that Interrogatory No. 10 is relevant to the

4   '156 Patent.  <u>See generally</u> MTC; ECF No. 91 ("Reply").  However, Huawei makes the preliminary

5   argument that BNR's motion to compel is untimely, indicating that any issues concerning

6   Interrogatory No. 10 should have been addressed earlier in this litigation.  Oppo. at 6–7, 10.

7   Specifically, Huawei discusses BNR's January 14, 2019 letter and states that "BNR did not

8   mention Interrogatory No. 10 again until May 6, 2019 (nearly three months later and after it

9   had served its amended infringement contentions)."  <u>Id.</u> at 7; <u>see also</u> MTC at Ex. M.

10       BNR failed to address the timeliness of its motion in its initial motion to compel and did

11   not respond to Huawei's untimeliness argument in its reply.  <u>See generally</u> MTC; Reply.

12   However, BNR's factual representation in its motion to compel is consistent with Huawei's

13   timeline, because it discusses Huawei's January 23, 2019 follow-up letter, and immediately

14   moves to the May 10, 2019 meet and confer (and the subsequent May 31, 2019 email).  MTC

15   at 10, Exs. J, M; <u>see also</u> Abdullah Decl. at 3.  Because neither party cited a response to Huawei's

16   January 23, 2019 letter, it appears that BNR's January 14, 2019 letter was the last

17   communication addressing Interrogatory No. 10 before BNR reached out again on May 6, 2019.

18   <u>See</u> Oppo. at Exs. 3, 4; MTC at Exs. J, M.  Therefore, after initial meet and confer efforts, BNR

19   waited 112 days (between January 14, 2019 and May 6, 2019) before again addressing Huawei's

20   failure to respond Interrogatory No. 10.  Although BNR wrote to Huawei's counsel on March 7,

21   2019, this correspondence addressed only the "Highly Confidential" designation in Huawei's

22   interrogatory responses and stated that BNR intended to file motions regarding those responses.

23   <u>See</u> MTC at Ex. I.  BNR then waited another sixty days (until May 6, 2019) to initiate further

24   meet and confer efforts related to Interrogatory No. 10.  <u>See</u> MTC at Ex. M.

25       Judge Major's Chambers Rules are clear in that:

26

27         All discovery motions must be filed within 30 days of the event giving rise to the
          dispute and only after counsel have met and conferred and communicated with
28         the Court as set forth above.  The event giving rise to the dispute is **NOT** the date

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

on which counsel reach an impasse in their meet and confer efforts. For written discovery, the event giving rise to the dispute is the service of the initial response or production of documents, or the passage of the due date without a response or document production.[3]

The event giving rise to the dispute occurred on December 7, 2018, because this is the date Huawei served its discovery responses to BNR's Common Interrogatories, Set One, in which Huawei failed to respond to Interrogatory No. 10.  See MTC at Ex. H.  The thirty-day time period thus ended on January 6, 2019.  Even if the Court were willing to give BNR some leeway due to the holidays and the parties' meet and confer efforts in January, BNR waited 112 days to address Interrogatory No. 10 after its January 14, 2019 letter.  Furthermore, while the January 2019 correspondence between the parties indicated that Huawei was considering supplementing other discovery responses, it made no such concessions as to Interrogatory No. 10.  See Oppo. at Ex. 4; see also Fuller Decl. at 2.  Instead, Huawei made clear in its January 23, 2019 letter that it disputed the relevance of Interrogatory 10 because the request sought products that include HD Voice Codecs.  Oppo. at Ex. 4.  Accordingly, as of January 23, 2019, BNR was aware of Huawei's position—whether correct or not—that Huawei was not going to respond to Interrogatory No. 10 because it believed the Interrogatory was not relevant to the litigation.

Finally, BNR did not file a motion with the Court to extend the time period in which it could bring a motion to compel, and the parties did not contact the Court pursuant to Chambers Rules until June 6, 2019.  The extent of BNR's untimeliness in bringing its motion clearly violates the rules of this Court.  Accordingly, the Court **DENIES** as untimely BNR's motion to compel Huawei's response to Interrogatory No. 10.  See Stoba v. Saveology.com, LLC, 2015 WL 5040024, at *6 (S.D. Cal. Aug. 26, 2015) (affirming a Magistrate Judge's decision, which denied as untimely the plaintiff's joint motion to compel further written discovery responses, based on the Magistrate Judge's chambers rules); Guzman v. Bridgepoint Educ. Inc., 2014 WL 1057417, at *2 (S.D. Cal. Mar. 18, 2014) (denying a joint motion to extend the thirty-day period to bring

---

[3]  HONORABLE BARBARA LYNN MAJOR U.S. MAGISTRATE JUDGE, CHAMBERS RULES-CIVIL CASES § V.E., https://www.casd.uscourts.gov/judges/major/docs/Chambers%20Rules%20Civil.pdf.

18cv1784-CAB(BLM)

a discovery dispute—as required by chambers rules—because submission of the joint motion to extend the thirty-day period was untimely); Mir v. Kirchmeyer, 2017 WL 164086, at *4 (S.D. Cal. Jan. 17, 2017) (noting that it is "well within . . . [a Magistrate Judge's] discretion to reject" a party's discovery motion as untimely when the party fails to comply with chambers rules).

**IT IS SO ORDERED**.

Dated:  8/15/2019

Hon. Barbara L. Major
United States Magistrate Judge

6

18cv1784-CAB(BLM)