UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BELL NORTHERN RESEARCH, LLC,<br><br>Plaintiff,<br><br>v.<br><br>HUAWEI DEVICE (DONGGUAN) CO., LTD.;<br>HUAWEI DEVICE (SHENZHEN) CO., LTD.;<br>and HUAWEI DEVICE USA, INC.,<br><br>Defendants. | Case No.: 18cv1784-CAB(BLM)<br><br>**ORDER DENYING DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S RESPONSES TO WRITTEN DISCOVERY**<br><br>**[ECF Nos. 78, 86, 90]** |

On June 6, 2019, in compliance with chambers rules, counsel for Plaintiff ("BNR") and Defendants (collectively "Huawei") contacted chambers regarding several discovery disputes. Counsel for the parties set forth their respective positions and agreed to engage in further meet and confer efforts in an attempt to resolve the disputes informally. On June 24, 2019, counsel for both BNR and Huawei called chambers again and informed the Court that they were unable to resolve the disputes. On June 25, 2019, the Court set a briefing schedule for Huawei's motion to compel BNR's responses to various written discovery. ECF No. 77. In compliance with the briefing schedule, on July 8, 2019, Huawei filed its motion to compel, on July 15, 2019, BNR filed its opposition, and on July 22, 2019, Huawei filed its reply. See ECF Nos. 81, 85, 91. For the reasons set forth below, Huawei's motion to compel BNR's responses to interrogatories and requests for production is **DENIED**.

1

## RELEVANT BACKGROUND

On November 30, 2018, Huawei propounded Common Interrogatories, Set One on BNR, after which BNR replied with responses and objections.[1] ECF No. 78-1 ("MTC") at 5, Ex. A. Included in Huawei's Common Interrogatories, Set One were Interrogatory Nos. 2, 7 and 9. Id. at Ex. A. On January 11, 2019, Huawei propounded Requests for Production of Documents ("RFPs"), Set One and on February 11, 2019, BNR replied with responses and objections. Id. at Ex. B. Included in Huawei's RFPs, Set One were RFP Nos. 23, 28, 57, and 63. Id. at Ex. D.

On April 29, 2019—months after Huawei received BNR's initial responses and objections to Interrogatory Nos. 2, 7, and 9, and RFP Nos. 23, 28, 57, and 63—Huawei's counsel sent a letter to BNR's counsel addressing (among other things) BNR's alleged insufficient responses to RFP Nos. 23, 28, 57, and 63. Id. at Ex. E. Interrogatory Nos. 2, 7, and 9 were not mentioned in the April 29, 2019 letter. See id. On May 9, 2019, BNR's counsel responded to Huawei's letter and stated its position as to its responses to RFP Nos. 23, 28, 57, 63; BNR also noted Interrogatory No. 2 in the context of its discussion surrounding RFP No. 23. See id. at Ex. F. In its May 9, 2019 response, BNR indicated that absent Huawei sending BNR applicable authority, it had no further response to the written discovery at issue. See id. On June 3, 2019, BNR sent another letter to Huawei citing authority for its position concerning discovery of settlement/licensing negotiations; BNR did not address any specific Interrogatories or RFPs in its letter. See id. at Ex. G; ECF No. 86 ("Oppo.") at Ex. 1.

On June 6, 2019, the parties contacted the Court regarding the various discovery disputes and agreed to engage in further meet and confer efforts. On June 21, 2019, BNR served its Second Supplemental Responses to Huawei's Common Interrogatories, Set One. MTC at Ex. C. On June 24, 2019, the parties contacted chambers, informed the Court that their meet and confer efforts had failed, and requested a briefing schedule for Huawei's motion to compel. ECF No. 77. While additional meet and confer efforts are noted in some of the correspondence, the

---

[1] The parties did not provide the date on which Huawei initially responded to BNR's Common Interrogatories, Set One.

discussions noted above are the only communications cited in the parties' briefing. See generally MTC; Oppo.; and ECF No. 90 ("Reply").

Huawei now seeks to compel BNR's response to Interrogatory Nos. 2, 7, and 9, as well as RFP Nos. 23, 28, 57, and 63. See generally MTC; Reply. Interrogatory No. 2 seeks "information regarding BNR's licensing negotiations with third parties." MTC at 6, Ex. A. RFP Nos. 23, 28, 57, and 63 seek any settlement documents, licensing documents or licensing negotiation documents involving the patents-in-suit (and involving BNR and its predecessor-in-interest), and any communications (i.e., discussions to assign, license, or enforce) between BNR and its predecessor-in-interest regarding the patents-in-suit and/or any related patents. See id. at 6–7, Ex. D.

Interrogatory No. 7 seeks BNR's contentions as to whether any of the patents-in-suit are "essential to practicing any Standard(s)," as well as "the factual and legal bases for such . . . contention[s]," and "whether the respective Patent[s]-in Suit . . . are subject to any limitation on the terms by which it may be licensed . . . ." Id. at 7, Ex. A. Huawei claims that despite what information BNR has provided, BNR has failed to "indicate one way or another whether there are any analyses or disclosures about any of the asserted patents being standard-essential . . . ." Id. at 8.

Finally, Interrogatory No. 9 seeks information regarding what BNR contends are "fair, reasonable, and nondiscriminatory royalty rate(s) for the patents that it claims are essential to practicing any standard(s) . . . ." Id. at 10, Ex. A. Though BNR has provided some response to this Interrogatory, Huawei alleges that BNR has failed to identify all of the requested information. See id. at 10.

## **DISCUSSION**

In its briefing, Huawei makes several arguments related to BNR's allegedly insufficient responses to the written discovery at issue. See generally MTC; Reply. However, based on Judge Major's Chambers Rules as well as the Court's recent ruling on BNR's untimely motion to compel discovery [ECF No. 96], the Court must first address the timeliness of Huawei's motion to compel. Judge Major's Chambers Rules clearly state:

> All discovery motions must be filed within 30 days of the event giving rise to the dispute and only after counsel have met and conferred and communicated with the Court as set forth above. The event giving rise to the dispute is **NOT** the date on which counsel reach an impasse in their meet and confer efforts. For written discovery, the event giving rise to the dispute is the service of the initial response or production of documents, or the passage of the due date without a response or document production.[2]

The event giving rise to the dispute surrounding RFP Nos. 23, 28, 57, and 63 occurred on February 11, 2019, because this is the date BNR served its initial responses and objections to Huawei's RFPs, Set One. MTC at Ex. D. As for Interrogatory Nos. 2, 7, and 9, the event giving rise to the dispute occurred on the date BNR served its initial responses and objections to Common Interrogatories, Set One. The parties did not provide the Court with this date in their briefing, so the Court will use the thirty-day time period authorized by the Federal Rules of Civil Procedure and find the dispute arose on December 30, 2018.[3] See Fed. R. Civ. P. 33(b)(2). Accordingly, the deadline for filing a motion to compel further response to the Interrogatories was January 29, 2019 and the deadline for filing a motion to compel further response to the RFPs was March 13, 2019. Huawei did not comply with either deadline.

Meet and confer efforts do not extend the filing deadline. See Judge Major's Chambers Rules § V.E. Nonetheless, Huawei's delay in its meet and confer efforts supports the Court's finding that its instant motion is untimely. Huawei did not provide the Court with any meet and confer correspondence relating to the three interrogatories. See generally MTC; Reply. Based upon this lack of evidence, it appears that there were no meet and confer efforts and Huawei waited more than five months to contact the Court regarding the interrogatory dispute. Similarly, with regard to the RFPs, the first meet and confer correspondence cited in the parties'

---

[2] Honorable Barbara Lynn Major U.S. Magistrate Judge, Chambers Rules-Civil Cases § V.E. (hereinafter "Judge Major's Chambers Rules"), https://www.casd.uscourts.gov/judges/major/docs/Chambers%20Rules%20Civil.pdf.

[3] This time period appears to be correct since BNR served its First Supplemental Responses to Common Interrogatories, Set One on February 7, 2019. See MTC at Ex. C; see also Fed. R. Civ. P. 33(b)(2).

briefing is dated April 29, 2019—forty-seven (47) days after the event giving rise to the dispute. See MTC at Ex. E. BNR's May and June 2019 responses to the April 2019 letter gave no indication that BNR was going provide the information Huawei seeks, and the parties did not contact the Court to address the dispute until June 6, 2019 (eighty-five (85) days after the event giving rise to the dispute). See id. at Exs. E, F, G. Finally, the fact that BNR served a Second Supplemental Response to Common Interrogatories, Set One on June 21, 2019 does not affect the Court's analysis. The Court's dispute definition provides a date certain for motions to compel discovery and requires parties to address discovery disputes in a timely manner. Allowing the deadline to be delayed based upon meet and confer efforts or supplemental responses would undermine, if not eliminate, the goal of timely discovery. See Stoba v. Saveology.com, LLC, WL 5040024, at *5 (S.D. Cal. Aug. 26, 2015) (quoting Guzman v. Bridgepoint Educ., Inc., 2014 WL 3407242, at *4 (S.D. Cal. July 10, 2014)) (affirming the Magistrate Judge's calculation for the plaintiffs' motion to compel deadline by explaining that "the 30–day clock would never begin to run as long as the opposing party continued to amend or supplement earlier responses."); In re Ameranth Cases, 2018 WL 1744497, at *2 (S.D. Cal. Apr. 11, 2018) (explaining that if a Court were to accept the proposition that a request to supplement discovery restarts the clock on a motion to compel deadline, "[t]his would render the Court's deadline meaningless," because "a party could resurrect an untimely discovery dispute from the grave simply by demanding . . . supplemental discovery responses.").

Huawei's motion to compel violates the rules of this Court and is **DENIED** as untimely. See Stoba, 2015 WL 5040024, at *6 (affirming a Magistrate Judge's decision, which denied as untimely the plaintiff's joint motion to compel further written discovery responses, based on the Magistrate Judge's chambers rules); Guzman v. Bridgepoint Educ. Inc., 2014 WL 1057417, at *2 (S.D. Cal. Mar. 18, 2014) (denying a joint motion to extend the thirty-day period to bring a discovery dispute—as required by chambers rules—because submission of the joint motion to extend the thirty-day period was untimely); Mir v. Kirchmeyer, 2017 WL 164086, at *4 (S.D. Cal. Jan. 17, 2017) (noting that it is "well within . . . [a Magistrate Judge's] discretion to reject" a party's discovery motion as untimely when the party fails to comply with chambers rules);

Linlor v. Chase BankCard Servs., Inc., 2018 WL 3611102, at *4 (S.D. Cal. July 23, 2018) (denying an *ex parte* application to compel supplemental discovery "for failure to comply with Chambers' Rule[s].").

**IT IS SO ORDERED**.

Dated: 8/29/2019

Hon. Barbara L. Major
United States Magistrate Judge